**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 6:11-CV-696-LED |
| v. | **JURY TRIAL DEMANDED** |
| (1) ACER AMERICA CORPORATION; <br> (2) CDW CORPORATION; <br> (3) CYBERTRON INTERNATIONAL INC.; <br> (4) EGENERA, INC.; <br> (5) FREEDOM USA, INC. dba AVADIRECT CUSTOM COMPUTERS; <br> (6) FUJITSU AMERICA, INC.; <br> (7) HEWLETT-PACKARD COMPANY; <br> (8) HUAWEI TECHNOLOGIES USA INC.; <br> (9) MCAFEE, INC.; <br> (10) NEC CORPORATION OF AMERICA; <br> (11) NEXT INTERNATIONAL, INC.; <br> (12) PC CONNECTION EXPRESS, INC.; <br> (13) PC MALL, INC.; <br> (14) SIGNAL MICRO SYSTEMS, INC.; <br> (15) SUPER MICRO COMPUTER, INC.; <br> (16) TIGERDIRECT, INC.; and <br> (17) UNIQUE DIGITAL TECHNOLOGY, INC.; | |
| Defendants. | |

**DEFENDANTS HEWLETT-PACKARD COMPANY AND FUJITSU AMERICA, INC.'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, SEVER THE CLAIMS AGAINST
THEM AND STAY THE CLAIMS AGAINST CERTAIN OTHER DEFENDANTS**

LA1 2415067

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................1

II. BACKGROUND ..............................................................................................................2

    A. The Nature Of The Case And The Defendants. .....................................................2

III. ARGUMENT ....................................................................................................................4

    A. CWSC's Claims Against HP And Fujitsu Should Be Dismissed, Or In The Alternative, Severed. ..............................................................................................4

        1. Legal Standard For Misjoinder. .................................................................4

        2. CWSC Did Not Properly Join The Defendants. ........................................7

    B. CWSC's Claims Against The Peripheral Defendants Should Be Stayed. ...............8

        1. Legal Standard For Peripheral Claims. ......................................................8

        2. Legal Standard For Stay. ............................................................................9

        3. The Claims Against The Peripheral Defendants Are Peripheral. ..............9

        4. The Claims Against The Peripheral Defendants Should be Stayed. ........10

            a. A Stay Will Not Unduly Prejudice CWSC. ..................................10

            b. A Stay Will Simplify The Issues In Question And Trial Of The Case. ..............................................................................................11

            c. Discovery Is Not Complete And A Trial Date Has Not Been Set. 11

IV. CONCLUSION ...............................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*3M InnovativeProps. Co. v. Dupont Dow Elastomers, LLC,*
 No. 03-CV-3364, 2005 WL 2216317 (D. Minn. Sept. 5, 2005)..............................................10

*Adrain v. Genetec Inc.*,
 2009 WL3063414 (E.D. Tex. September 22, 2009) ................................................................6

*Alford Safety Services, Inc., v. Hot-Hed, Inc.*,
 2010 WL 3418233 (E.D. La. August 24, 2010).......................................................................6

*Anascape, Ltd. v. Microsoft Corp.*,
 475 F. Supp. 2d 612 (E.D. Tex. 2007)..............................................................................10, 11

*Better Educ. Inc. v. Einstruction Corp.,*
 2010 WL 918307 (E.D. Tex. March 10, 2010).........................................................................6

*Brandywine Comm. Tech., LLC v. Audiovox Corp.*,
 Case No. 6:11-cv-1367-Orl-36DAB, 2012 U.S. Dist. LEXIS 20657 (M.D. Fla. Feb.
 17, 2012) ..........................................................................................................................5, 6, 7

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
 2010 WL 3835762 (E.D. Tex. September 28, 2010) ...............................................................6

*Eon-Net LP v. Flagstar Bancorp*,
 653 F.3d 1314 (Fed. Cir. 2001)...............................................................................................10

*\*Garfinkel v. Decru Inc.,*
 5:07-cv-00019, slip op. (E.D. Tex. Nov. 17, 2008) (Ex. 5)....................................................10

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
 No. 4:11-CV-163, 2012 U.S. Dist. LEXIS 10333 (E.D. Tex. Jan. 20, 2012)...........................5

*Innovus Prime, LLC v. LG Electronics, Inc.,*
 No. C 11-04223 JW, 2012 U.S. Dist. LEXIS 6990 (N.D. Cal. Jan. 18, 2012).........................6

*\*Internet Machines, LLC v. Asus Computer Int'l.*,
 No. 6:10-cv-548 (E.D. Tex., Jan 5, 2012) (Ex. 4) ...................................................................9

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936)..................................................................................................................9

*Mannatech, Inc. v. Country Life, LLC*,
 2010 WL 2944574 (N.D. Tex. July 26, 2010)..........................................................................6

*MicroLinc, LLC v. Intel Corp.*,
   2:07-CV-488 TJW, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20, 2010) ...................... 10

\**Motorola Mobility Inc. v. TiVo, Inc.*,
   No. 5:11-cv-53, slip op. (E.D. Tex. July 6, 2011) (Ex. 3) ....................................................... 9

*MyMail, Ltd. v. America Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004) ............................................................................................ 6

*New Jersey Mach. Inc. v. Alford Indus., Inc.*,
   21 U.S.P.Q.2d 2033 (D. N.J. 1991), *aff'd* 983 F.2d 1087 (Fed. Cir. 1992) ......................... 5, 7

*Nguyen v. BP Exploration & Prod., Inc.*,
   No. H-10-2484, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010) .................................................. 9

\**One-E-Way, Inc. v. Plantronics, Inc.*,
   CV 11-6673 PA (C.D. Cal. Jan. 19, 2012) (Ex. 2) ................................................................... 6

*Pereo, Inc. v. Alloc, Inc.*,
   262 F. Supp. 2d 122 (S.D.N.Y. 2003) ..................................................................................... 5

*Rudd v. Lux Products Corp.*,
   2011 WL 148052 (N.D. Ill. January 12, 2011) ....................................................................... 6

*Shifferaw v. Emson USA*,
   No. 2:09-CV-54-TJW-CE, 2010 U.S. Dist. LEXIS 25612 (E.D. Tex. Mar. 18, 2010) ...............
   .................................................................................................................................. 8, 9, 10, 11

Soverain Software LLC v. Amazon.com, Inc.
   356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) ............................................................................ 9

*Sprint Communications Co. v. Theglobe.com, Inc.*,
   233 F.R.D. 615 (D. Kan. 2006) ............................................................................................... 6

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
   No. A.3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) ................................ 8

**STATUTES**

35 U.S.C. § 271 ............................................................................................................................... 9

35 U.S.C. § 299 ..................................................................................................................... 1, 4, 6, 7

**OTHER AUTHORITIES**

FED. R. CIV. P. 20 ................................................................................................................. 4, 5, 6, 7

FED. R. CIV. P. 21 ............................................................................................................................ 4

*H.R. R__EP__. N__O__. 112-98, pt. 1 (Ex. 1) ........................................................................................6, 8

* Relevant portions of H.R. R__EP__. N__O__. 112-98, pt. 1 and unpublished opinions are attached hereto as Exhibits 1-5.

I.      INTRODUCTION

Defendants Hewlett-Packard Company ("HP") and Fujitsu America, Inc. ("Fujitsu") respectfully submit this motion to dismiss, or in the alternative, sever the claims against HP and Fujitsu pursuant to 35 U.S.C. § 299 and stay the claims against Defendants CDW Corporation ("CDW"), Egenera, Inc. ("Egenera"), PC Connection Express, Inc. ("PCE"), PC Mall, Inc. ("PC Mall"), Signal Micro Systems, Inc. ("SMS"), and TigerDirect, Inc. ("TigerDirect").

A finding of misjoinder is appropriate in this case under the new 35 U.S.C. § 299, which requires relief against multiple defendants to be asserted against the same "transaction of occurrence," rather than solely based on allegations that each defendant has infringed the patent-in-suit. Plaintiff Consolidated Work Station Computing, LLC ("CWSC") has not alleged any transaction or occurrence shared amongst all of the seventeen defendants named in the lawsuit. Instead, CWSC has asserted infringement against nine separate product systems of nine separate manufacturer defendants (including HP and Fujitsu), without any allegation that these defendants acted in concert.

To overcome this inadequacy, CWSC has also misjoined large retailers, who are individually accused of selling one or more of the manufacturers' accused products. However, the joinder is still inadequate for two reasons. Firstly, CWSC has not alleged any accused product that is common to all defendants, or even an accused product that is common to all of the retailers. Secondly, CWSC's attempt to join unrelated manufacturers by adding peripheral retailers would undermine a significant purpose behind 35 U.S.C. § 299 if allowed—rather than reducing the size of patent cases by limiting the number of unrelated defendants, it would actually *increase* the size of patent cases by allowing the same number of unrelated defendants to be loosely tied together by joining extra peripheral retailers.

1

Staying the claims against the distributors that distribute HP and Fujitsu's accused products is also appropriate. The claims against the distributors are peripheral because CWSC has not alleged that the distributors had any part in the design and manufacture of HP's or Fujitsu's accused products, and adjudication of the claims against the primary defendants (*i.e.*, the manufacturers) would likely dispose of the claims against the peripheral defendants (*i.e.*, the distributors).

Accordingly, CWSC's claims against HP and Fujitsu should be dismissed or, in the alternative, severed, and the claims against the distributers that distribute HP's and Fujitsu's products should be stayed.

## II. BACKGROUND

### A. The Nature Of The Case And The Defendants.

CWSC filed a Complaint in the present case on December 22, 2011, accusing seventeen defendants of infringing U.S. Patent No. 6,823,475 ("the '475 patent"). (Dkt. No. 1.) Of these, nine are "Primary Defendants," who are accused of infringement by through allegations identifying product systems that they design and manufacture (Acer, Fujitsu, Egenera, HP, McAfee, Cybertron, Supermicro, Huawei, and NEC). (Dkt. No. 1 at 7-11.) The remaining defendants are "Peripheral Defendants," who are accused of infringement through allegations of distributing the accused products identified as being associated with the Primary Defendants (CDW, AVA, Next, PCE, PC Mall, SMS, TigerDirect, UDI, and Egenera).[1,2] (*Id.*) Notably,

---

[1] In particular:
  1. CDW is accused of infringing via **Fujitsu**, **HP**, and McAfee blade server systems.
  2. AVA is accused of infringing via Supermicro blade server systems.
  3. Next is accused of infringing via Supermicro blade server systems.
  4. PCE is accused of infringing via **HP** and Supermicro blade server systems.
  5. PC Mall is accused of infringing via Supermicro, **HP**, Acer, Huawei, and McAfee blade server systems.

2

CDW, Egenera, PCE, PC Mall, SMS, and TigerDirect are accused of distributing HP products. (*Id.*) CDW and Egenera are also accused of distributing Fujitsu products. (*Id.*)

The Complaint does not assert infringement against any transaction or occurrence common to all seventeen defendants. CWSC does not allege that any of the Primary Defendants acted in concert with one another, nor does CWSC allege that any of the acts of infringement accused of by the Primary Defendants are related. Instead, the Complaint alleges that each Primary Defendant manufactures its own "blade server system," and that these blade server systems independently infringe the '475 patent. (*Id.*)

To overcome this inadequacy, the Complaint loosely ties the Primary Defendants together by joining them with the Peripheral Defendants, large retailers who sell products from a variety of manufacturers. (*Id.*) CWSC does not allege that the Peripheral Defendants have any role in the design or manufacture of the accused products. Additionally, although CWSC identifies products to directly link some Peripheral Defendants to some Primary Defendants, it fails to identify *any* product that is common to all defendants, or even common to all Peripheral Defendants. Instead, the only single fact that is common to all defendants is that they are all accused of infringing the '475 patent.

---

6. SMS is accused of infringing via **HP** and Supermicro blade server systems.
7. TigerDirect is accused of infringing via Cybertron and **HP** blade server systems.
8. UDI is accused of infringing via Supermicro server systems.
9. Egenera is accused of infringing via **HP**, **Fujitsu**, and Egenera BladeFrame blade server systems. (Egenera appears to be accused of making its own products and also distributing HP and Fujitsu products.)

(*See* Dkt. No. 1, Complaint at ¶¶ 27, 29, 30, 36, 37, 38, 39, 41, 42.)

[2] For clarity, no Peripheral Defendants is accused of infringement through allegations involving any Egenera or NEC product. Further, Egenera has been accused of distributing HP and Fujitsu products.

3

### III. ARGUMENT

#### A. CWSC's Claims Against HP And Fujitsu Should Be Dismissed, Or In The Alternative, Severed.

##### 1. Legal Standard For Misjoinder.

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. The recently enacted *Leahy-Smith America Invents Act* has clarified the requirements for joining multiple defendants in a patent infringement case. The relevant statute, 35 U.S.C. § 299, has two parts. 35 U.S.C. § 299(a) provides that:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the ***same transaction, occurrence, or series of transactions or occurrences*** relating to the making, using, importing into the United States, offering for sale, or selling of ***the same accused product or process***; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

(Emphasis added.) Prior to the enacting of the *Leahy-Smith* Act, courts looked to Rule 20 of the Federal Rules of Civil Procedure, which shares similar language to 35 U.S.C. § 299(a), without limiting the relevant transaction or occurrence to the *same accused product*.[3] The language of this Rule resulted in a split between courts regarding what constitutes the same transaction or occurrence.

---

[3] In particular, FED. R. CIV. P. 20 states, in the relevant part:
> (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:
>> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> (B) any question of law or fact common to all plaintiffs will arise in the action.

4

Under the "majority view," transaction or occurrence was construed narrowly. *See, e.g., Brandywine Comm. Tech., LLC v. Audiovox Corp.*, Case No. 6:11-cv-1367-Orl-36DAB, 2012 U.S. Dist. LEXIS 20657, at *5 (M.D. Fla. Feb. 17, 2012) ("The mere fact that the same Patent is at issue is not enough to meet the 'same transaction or occurrence' requirement of Rule 20."); *Pereo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *New Jersey Mach. Inc. v. Alford Indus., Inc.*, 21 U.S.P.Q.2d 2033, 2034-35 (D. N.J. 1991) ("[C]laims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant."), *aff'd* 983 F.2d 1087 (Fed. Cir. 1992).

The Eastern District of Texas followed a minority approach in which joinder was appropriate where "there is some nucleus of operative facts or law" or where "Defendants' allegedly infringing products are not dramatically different and determining Defendants' liability will involve substantially overlapping questions of law and fact." *Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 U.S. Dist. LEXIS 10333, at *8 (E.D. Tex. Jan. 20, 2012), *adopted* 2012 U.S. Dist. LEXIS 17620 (E.D. Tex. Feb. 20, 2012).

With the *Leahy-Smith America Invents Act*, Congress settled the dispute between the different districts by limiting relevant transactions or occurrences to those involving the same accused product and by adding 35 U.S.C. § 299(b), which additionally clarifies the requirements of joinder to conform with the majority approach. It states:

> (b) *Allegations insufficient for joinder.*—For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions

5

LA1 2415067

> consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

35 U.S.C. § 299(b). Indeed, the Committee Report discussing 35 U.S.C. § 299 clarifies that the result of the section is to settle the dispute regarding interpretation for the majority. It states:

> **Section 299 legislatively abrogates the construction of Rule 20(a) adopted in** *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004); *Sprint Communications Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006); *Adrain v. Genetec Inc.*, 2009 WL3063414 (E.D. Tex. September 22, 2009); *Better Educ. Inc. v. Einstruction Corp.*, 2010 WL 918307 (E.D. Tex. March 10, 2010); *Mannatech, Inc. v. Country Life, LLC*, 2010 WL 2944574 (N.D. Tex. July 26, 2010); *Alford Safety Services, Inc., v. Hot-Hed, Inc.*, 2010 WL 3418233 (E.D. La. August 24, 2010); and *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 WL 3835762 (E.D. Tex. September 28, 2010)--**effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions**. *See generally Rudd v. Lux Products Corp.*, 2011 WL 148052 (N.D. Ill. January 12, 2011).

H.R. REP. NO. 112-98, pt. 1, at 55 n. 61 (emphasis added) (Ex. 1).

In actions where parties have been improperly joined, courts have found it appropriate to dismiss certain defendants without prejudice to the institution of new separate lawsuits against the dropped defendants. *See, e.g., One-E-Way, Inc. v. Plantronics, Inc.*, CV 11-6673 PA (FMOx), slip op. at 2-3 (C.D. Cal. Jan. 19, 2012) (dropping all but the first named defendant where the plaintiff brought an action against "manufacturers of competing digital wireless audio products.") (Ex. 2); *Innovus Prime, LLC v. LG Electronics, Inc.*, No. C 11-04223 JW, 2012 U.S. Dist. LEXIS 6990, *12-13 (N.D. Cal. Jan. 18, 2012) (granting a defendant's motion to dismiss and *sua sponte* dismissing all defendants except one defendant for misjoinder).

Alternatively, courts have also found it appropriate to sever the claims against each defendant, to be pursued in separate actions assigned to the same District Judge. *See, e.g., Brandywine Comm. Tech.,* 2012 U.S. Dist. LEXIS 20657 at *7.

## 2. CWSC Did Not Properly Join The Defendants.

Plaintiff did not properly join the defendants under 35 U.S.C. § 299. In particular, the Complaint does not assert infringement against any transaction or occurrence common to all defendants. Instead, each Primary Defendant is accused of infringement through a single accused product system, not alleged to be related to the accused systems of each other Primary Defendant. Indeed, CWSC's Complaint contains no allegation that the Primary Defendants have engaged in related activities or have otherwise acted in concert. This absence of connection is plainly insufficient for proper joinder because "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant." *New Jersey Mach. Inc.*, 21 U.S.P.Q.2d at 2034-35; *see also Brandywine Comm. Tech.*, 2012 U.S. Dist. LEXIS 20657 at *5-6.

In order to cure this clear deficiency, CWSC has joined the Primary Defendants with a group of Peripheral Defendants—large retailers who sell products from a number of different manufacturers. This, however, is also insufficient for proper joinder because CWSC has failed to allege a single retailer that sells every Primary Defendant's accused product. As such, CWSC has failed to identify any "accused product" common to *all* defendants. *See Bandywine Comm. Tech.,* 2012 U.S. Dist. LEXIS 20657 at *5 ("while the Plaintiff identifies some products which appear to be related to one or more Defendants, it fails to identify any products common to **all** named Defendants. The fact that the same patent is at issue, with respect to each Defendant, is insufficient on its own to meet the 'same transaction or occurrence' requirement of Rule 20.") (emphasis added).

More fundamentally, allowing CWSC to use its current approach to joinder would provide an easy loophole for plaintiffs to completely abrogate 35 U.S.C. § 299(b) from the joinder requirements. As noted in the Committee Reports, one primary purpose of the statute is

7

to limit the number of unrelated defendants in patent infringement actions: "The Act also addresses problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement suits." H.R. REP. NO. 112-98, pt. 1, at 54 (Ex. 1).

Most patent cases are accused against a multitude of separate products made by different manufacturers; however, most products are sold at large departments stores that carry a variety of different manufacturer's products. Thus, using CWSC's joinder strategy, a plaintiff could easily join together completely disparate defendants into a single infringement action by finding a retailer that sells each of their unrelated products. For example, if a plaintiff wanted to sue multiple smart phone manufacturers, all connected solely by allegedly infringing the same patent, the plaintiff would merely have to add a party such as Best Buy to the complaint. Rather than limiting inappropriate joinder, as intended by Congress, such an interpretation would promote *additional* joinder of peripheral distributers; rather than limiting the size of patent cases, such an interpretation would actually broaden them.

Accordingly, CWSC's claims against HP and claims against Fujitsu should be dismissed, or in the alternative, severed.

### B. CWSC's Claims Against The Peripheral Defendants Should Be Stayed.

#### 1. Legal Standard For Peripheral Claims.

In the context of patent litigation, "a claim against a retailer is peripheral to the claims against the manufacturer." *Shifferaw v. Emson USA*, No. 2:09-CV-54-TJW-CE, 2010 U.S. Dist. LEXIS 25612, at *9 (E.D. Tex. Mar. 18, 2010) (severing and transferring claims against manufacturer of accused product, and staying claims against sales representatives), *citing Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. A.3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005).

8

## 2. Legal Standard For Stay.

A district court "has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon. com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Courts in this district have examined the following three factors in order to determine whether a stay is appropriate: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set.[4] *See, e.g.*, *Motorola Mobility Inc. v. TiVo, Inc.,* No. 5:11-cv-53, slip op. at 5-6 (E.D. Tex. July 6, 2011) (Ex. 3), *citing Soverain Software,* 356 F. Supp. 2d 660, 662; *Internet Machines, LLC v. Asus Computer Int'l.*, No. 6:10-cv-548, slip op. at 2 (E.D. Tex., Jan. 5, 2012) (Ex. 4).

## 3. The Claims Against The Peripheral Defendants Are Peripheral.

The claims against distributors that distribute HP's and Fujitsu's accused products—CDW, Egenera, PCE, PC Mall, SMS, and TigerDirect—are peripheral. CWSC has not alleged, nor provided any evidence, that these defendants "had any role in the design or manufacture of the accused products." *Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *9. Instead, CWSC alleges infringement of the these defendants through an un-illuminating recitation of acts listed in 35 U.S.C. § 271, tied to one or more Primary Defendant products without any explanation.[5] (Dkt. No. 1, Complaint at 7-11.) Therefore, the Complaint does not establish that Defendants CDW,

---

[4] Similar factors have been applied in the Southern District as well to determine whether to stay a litigation. *See, e.g., Nguyen v. BP Exploration & Prod., Inc.,* No. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (examining the possibility of a stay by addressing factors (1) the potential prejudice from a brief stay; (2) the hardship and inequity if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation).

[5] For example, paragraph 27 of the Complaint states in part, "CDW directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Fujitsu, HP, and McAfee blade server systems) that infringed one or more claims of the 475 patent." (Dkt. No. 1, Complaint at ¶ 27.)

9

Egenera, PCE, PC Mall, SMS, and TigerDirect are any more than "peripherally involved, with their only relevant conduct being the resale of products purchased from [HP and/or Fujitsu.]" *Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *10.

### 4. The Claims Against The Peripheral Defendants Should be Stayed.

The claims against the Peripheral Defendants should be stayed pending resolution of the claims against the Primary Defendants.

#### a. A Stay Will Not Unduly Prejudice CWSC.

The first factor favors staying the case. Firstly, CWSC has not alleged that the Peripheral Defendants are involved in the design and manufacture of the accused products. Thus, CWSC has not provided allegations to show that it will not be able to determine whether the accused products infringe based solely on documents and witnesses from the Primary Defendants. *See, e.g., Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (finding that plaintiff was not unfairly prejudiced where the stay would not affect plaintiff's ability to locate and question witnesses for determining infringement).

Secondly, courts in this district are less likely to find undue prejudice where, as here, plaintiff has not alleged that it "manufacture[s] or sell[s] any products, or otherwise practice[s] the patent, [so] there is no risk of customer losses or injury to market share during a stay." *MicroLinc, LLC v. Intel Corp.,* 2:07-CV-488 TJW, 2010 U.S. Dist. LEXIS 99255, at *10 (E.D. Tex. Sept. 20, 2010); *see also Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327-28 (Fed. Cir. 2001) ("[As a non-practicing entity, plaintiff] did not face any business risk resulting from the loss of patent protection over a product or process.").

Thirdly, courts in this district are more likely to grant a stay where, as here, any prejudice to the plaintiff is "partly of its own making." *Garfinkel v. Decru Inc.,* 5:07-cv-00019, slip op. at 4 (E.D. Tex. Nov. 17, 2008) (Ex. 5), *quoting 3M InnovativeProps. Co. v. Dupont Dow*

10

*Elastomers, LLC,* No. 03-CV-3364, 2005 WL 2216317, at *2 (D. Minn. Sept. 5, 2005). Here, CWSC is the party that misjoined the seventeen defendants in this action, and thus any prejudice caused to CWSC by curing the effects of this misjoinder is its own making.

        **b.**        **A Stay Will Simplify The Issues In Question And Trial Of The Case.**

The second factor also favors granting a stay. Adjudication of the claims against the Primary Defendants (*e.g.*, HP and Fujitsu) will likely dispose of CWSC's claims against the Peripheral Defendants (*e.g.*, CDW, Egenera, PCE, PC Mall, SMS, and TigerDirect). For example, if the accused products are found not to infringe, or if the patent is found invalid, then CWSC has no claim of patent infringement against the Peripheral Defendants. *See Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *10. Additionally, if the Primary Defendants are found to infringe and CWSC collects damages from them, "then the plaintiff cannot then in turn collect damages from the Retailer Defendants, because [CWSC] cannot receive a double recovery for the same sales." *Id.* at 6-7.

        **c.**        **Discovery Is Not Complete And A Trial Date Has Not Been Set.**

The third factor strongly favors granting a stay. Discovery has not yet begun and a trial date has not been set. Neither the Court nor the Peripheral Defendants have expended significant time nor effort in this litigation. "Therefore, this factor weighs in favor of granting a stay of the patents where [litigation] is likely to simplify issues and significantly conserve the court's limited time and resources." *Anascape, Ltd.*, 475 F. Supp. 2d at 616.

**IV.**    **CONCLUSION**

For all of the above, Defendants HP and Fujitsu respectfully request that their motion to dismiss, or in the alternative, sever claims against HP and Fujitsu and stay the claims against certain other Defendants be GRANTED.

11

DATED: March 12, 2012 Respectfully submitted,

By: *s/ Olivia M. Kim*  
MICHAEL C. SMITH  
State Bar No. 18650410  
SIEBMAN, BURG, PHILLIPS & SMITH, L.L.P.  
113 East Austin St.  
P.O. Box 1556  
Marshall, Texas 75671  
Telephone: (903) 938-8900  
Facsimile: (972) 767-4620  
Michaelsmith.@siebman.com  

EDWARD G. POPLAWSKI  
   epoplawski@sidley.com  
OLIVIA M. KIM  
   okim@sidley.com  
AARON FARBER  
   Admitted *pro hac vice*  
   afarber@sidley.com  
SIDLEY AUSTIN LLP  
555 West Fifth Street  
Suite 4000  
Los Angeles, CA 90013  
Telephone: 213-896-6000  
Facsimile: 213-896-6600  

*Counsel for Defendant Hewlett-Packard Company*

By: *s/ Samuel E. Sherry*  
Samuel E. Sherry, BBO#667527  
Alan D. Smith, BBO#629034  
FISH & RICHARDSON P.C.  
One Marina Park Drive  
Boston, MA 02210-1878  
(617) 542-5070 (Telephone)  
(617) 542-8906 (Facsimile)  

Christopher G. Smith  
Texas Bar No. 24061287  
FISH & RICHARDSON P.C.  
1717 Main Street, Suite 5000  
Dallas, TX 75204  
(214) 747-5070 (Telephone)  
(214) 747-2091 (Facsimile)  

*Counsel for Defendant Fujitsu America, Inc.*

12

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service.

*s/ Olivia M. Kim*
Olivia M. Kim

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that, prior to the filing of this motion, Matthew J. Antonelli, counsel for Plaintiff, and Olivia M. Kim and Aaron Farber, counsel for Defendant HP, met and conferred pursuant to Local Rule CV-7(h). No agreement could be reached and discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*s/ Olivia M. Kim*
Olivia M. Kim

The undersigned certifies that, prior to the filing of this motion, Matthew J. Antonelli, counsel for Plaintiff, and Samuel E. Sherry, counsel for Defendant Fujitsu, met and conferred pursuant to Local Rule CV-7(h). No agreement could be reached and discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*s/ Samuel E. Sherry*
Samuel E. Sherry

LA1 2415067